IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COLTON MORGAN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:15-cr-00354-TC-BCW |

The United States filed an appeal (ECF No. 64 (sealed)), under 18 U.S.C. § 1845(a)(1), asking the court to revoke Magistrate Judge Furse's previous orders (ECF Nos. 59, 60) that would release Defendant Colton Morgan before trial. The court held a hearing on May 13, 2016, to determine whether Mr. Morgan should be released or detained. For the below reasons, the court revokes the prior orders and orders the detainment of Mr. Morgan until his trial.

**BACKGROUND**

On June 25, 2015, the Grand Jury returned an indictment of Mr. Morgan for violating 18 U.S.C. §§ 2241 and 1153 (Aggravated Sexual Abuse of Child). The Government alleges that Mr. Morgan, while intoxicated, anally raped his female cousin, who was nine years old at the time, as other children and an older sibling were in the nearby rooms of the house. If convicted, Mr. Morgan faces a mandatory minimum of thirty years in prison and a requirement to register

on a sex-offender list.  There is corroborating evidence that supports the Government's allegations: soon after the event, an older sister saw blood that had been wiped from the girl's anus; within a day of the alleged rape, a nurse saw torn anal tissue and bruising on the girl's lower back; and many—including Mr. Morgan—said he was in the girl's home on the night the alleged events occurred.

## DISCUSSION

The court reviews the previous ruling de novo, which means the court will weigh the facts and evidence anew.  United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003), cited with approval in United States v. Hernandez-Medina, No. 16-3026, 2016 WL 1056050 (10th Cir. Mar. 17, 2016) (per curiam) (unpublished); DUCRimR 57-16(a)(1).

The court must release a defendant on his own recognizance or with an unsecured bond before trial unless it determines releasing him "will not reasonably assure" his appearance or "will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If, after the court has a hearing in accord with § 3142(f), the court finds that "no condition or combination of conditions will reasonably assure" his appearance at trial and the safety of others and the community, then the court must detain the defendant.  Id. § 3142(e)(1).  But this is a § 2241 offense against a minor.  Section 3142(e)(3) provides that there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure" the defendant's appearance or the community's safety.  United States v. English, 629 F.3d 311, 319 (2d Cir. 2011).

> Once the presumption is invoked, the burden of production shifts
> to the defendant.  However, the burden of persuasion regarding
> risk-of-flight and danger to the community always remains with
> the government.  The defendant's burden of production is not
> heavy, but some evidence must be produced.  Even if a defendant's
> burden of production is met, the presumption remains a factor for

2

>consideration by the district court in determining whether to release or detain.

United States v. Stricklin, 932 F.2d 1353, 1354–55 (10th Cir. 1991) (per curiam) (citing United States v. Cook, 880 F.2d 1158, 1162 (10th Cir.1989)).  The Government must establish the risk-of-flight by a preponderance of the evidence and the danger to the community by clear and convincing evidence.  18 U.S.C. § 3142(f); Cisneros, 328 F.3d at 616.

When deciding whether to detain a defendant, courts must consider available information about the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the history and the character of the defendant, and the nature and seriousness of the danger to another person or the community.  18 U.S.C. § 3142(g).

In rebutting the presumption, Mr. Morgan submits that he can live with his long-time family friends Fran and Dennis Deegan who live on a secluded ranch in Dove Creek, Colorado, and attend substance abuse counseling once a week in Blanding, Utah.  This ranch is over 100 miles away from the cousin's home in Aneth, Utah, where the alleged rape occurred.  The Deegans volunteer to act as third-party custodians of Mr. Morgan and promise the court that they will prevent him from leaving the ranch other than to drive him to counseling in Blanding.

Although the secluded ranch lowers the risk of the defendant interacting with and posing risks to his cousin and other minors in the community, the remoteness of the ranch has drawbacks.  The GPS tracking device that the government uses to ensure released defendants do not cross set boundaries cannot continually communicate with the mobile-phone system because there is limited cellular phone service in Dove Creek or at the ranch.  The only time the GPS device could reliably report on Mr. Morgan's location would be during his weekly visit to Blanding for counseling.  That leaves more than six days where Mr. Morgan could remove the

bracelet from his body or flee without the government's awareness. In addition to that, the nearest office and agent of the government pre-trial services is in St. George, Utah, which is over five hours away from Aneth or Dove Creek.

Regarding the risk Mr. Morgan poses to the community, Mr. Morgan admitted that he visited his cousin's home to visit with her parents after he learned that his cousin had reported the assault. This type of visit poses serious risk to his cousin and others in the community. Furthermore, Mr. Morgan's family and the little girl's parents are still friendly. Because of the inadequate cellular service around Dove Creek, around the alleged victim's home, and throughout the general area, there is an increased risk that the GPS tracking device will not effectively protect Mr. Morgan's cousin or others from him.

Factors under 18 U.S.C. § 3142(g)

Notwithstanding the presumption and Mr. Morgan's proposed conditions, the court must consider the four factors found in § 3142(g). First, the violent nature of § 2241 (Sexual Abuse of Child) in and of itself supports detention. Second, the weight of evidence against Mr. Morgan is in the government's favor. The corroborative testimonies from the older sister, the nurses, and the girl's classmates weigh in favor of detention.

Third, Mr. Morgan has a history of abusing or not controlling his drug and alcohol use. In 2007, Mr. Morgan was charged with possessing a controlled substance (Orem City Case No. 071201769). Four years later, in 2011, he was cited for an open container (Heber City Case No. 11532033). A warrant was issued for failing to appear later that year, but the warrant recalled when Mr. Morgan submitted payment. But it was only two years later when he was cited again for an open container in 2013 (Utah Court Case No. 1307598). In 2014, Mr. Morgan

4

pleaded guilty to use or possession of drug paraphernalia and marijuana or spice (Park City Case No. 141200176).  Within three months of sentencing, someone issued a warrant for his failure to comply with the court's order.  Also in 2014, Mr. Morgan was arrested for driving under the influence and was released to pre-trial services.  Within a month, he violated the conditions of his release by consuming marijuana.

On the night of the alleged sexual abuse, Mr. Morgan allegedly consumed enough alcohol to be, as he described it, "buzzed."  (Appeal Order Mag. J. Releasing Def. Pending Trial 9–10, ECF No. 64 (sealed).)  Mr. Morgan's history exhibits a lack of self-control around alcohol and drugs.  Furthermore, he has a history of not adhering to court orders.

Fourth, and finally, the danger that Mr. Morgan poses to his cousin and others in the community is real and serious.  He already attempted to visit his cousin and her parents after she informed others about the abuse.  The charges and potential incarceration that Mr. Morgan faces are serious and the potential for charged and emotional interactions as a result is only natural and likely.

In all, even if Mr. Morgan met his burden of producing some evidence for release by suggesting a release to Ms. and Mr. Deegan in Dove Creek, the government has still satisfied its burden of showing that no condition or set of conditions will reasonably assure the appearance and the safety of others and the community.  The potential for flight is too high and the risk of danger is too great to warrant release.

## **ORDER**

For these reasons, the court GRANTS the government's appeal and REVOKES the prior orders (ECF Nos. 59, 60) that would release Mr. Morgan.  The court ORDERS the U.S. Marshals

Service to continue holding Mr. Morgan in custody until trial.

DATED this 16th day of May, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge