IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. COLTON MORGAN, Defendant. | MEMORANDUM DECISION AND ORDER Case No. 2:15-cr-00354-TC-BCW |

Defendant Colton Morgan's attorney moves to withdraw as counsel for Mr. Morgan on August 1, 2016 because of a "breakdown in communication" between the two of them. (Mot. Withdraw, ECF No. 103.) The United States opposes the motion. (Response Mem., ECF No. 105.) The court held a hearing on the motion on August 2, 2016. For the reasons discussed at the hearing and below, the court DENIES the motion to withdraw.

The Sixth Amendment to the U.S. Constitution guarantees a defendant to the right to counsel, but it does not "ensure that a defendant will inexorably be

represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which [would] lead[] to an apparently unjust verdict." United States v. Byrum, 567 F.3d 1255, 1265 (10th Cir. 2009) (quoting United States v. Porter, 405 F.3d 1136, 1140 (10th Cir.2005)). When considering a motion to withdraw or substitution, the Tenth Circuit "normally ask whether '(1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown.'" Id. at 1265–66 (quoting Porter, 405 F.3d at1140).

Here, if the court were to grant the Motion to Withdraw, it also would need to grant a continuance to allow new counsel to prepare for trial. That is the basis for the Government's objection. It argues that another continuance would burden not only the Government but also its witnesses and the alleged victim.

The court has continued this case five times, already. The Government has prepared its witnesses twice as trial dates approached. In doing this, it had to travel

to where the alleged criminal act took place in a remote and distant part of Utah. The Government spent a lot of time getting its witnesses ready. To force the Government to do it again would be a burden. For these reasons, the Motion to Withdraw at this point is untimely for this complex case that has many practical obstacles.

Another compelling reason for not continuing the trial is the effect on the alleged victim, who is now ten years old, and the other children who will testify. They will be testifying just days before their school year starts. To continue the trial would force them to miss school and further disrupt their lives in their community. Furthermore, two of the Government's witnesses include an administrator and a teacher from the alleged victim's school. To complete their obligation to the court as scheduled is important.

Mr. Morgan is concerned about his counsel having the time to prepare for trial. His counsel had not traveled to the location where the alleged act occurred to interview witnesses. An investigator visited the area when a previous attorney represented Mr. Morgan, but he wanted his counsel to travel there again after the last continuance. Mr. Morgan and his counsel were also concerned that they had not yet retained an expert to testify about DNA evidence or an expert to review

3

other certain evidence. And Mr. Morgan's counsel missed a deadline to notify the Government that Mr. Morgan might call a particular Sexual Assault Nurse Examiner (SANE) to testify.

To assist Mr. Morgan with his trial preparation, the court instructed the U.S. Marshal Service, at the hearing, to do all it could to move Mr. Morgan to the Salt Lake County detention facility so he could meet with his counsel more regularly and during the weekends. The court directed Mr. Morgan's attorney to reschedule and continue his other obligations, if he could, to make time for trial preparation. The court also ordered that a second CJA attorney be appointed to assist Mr. Morgan. Regarding the notice of the SANE witness, the Government waived any objections to the lack of notification.

As discussed in detail at the hearing, Mr. Morgan had concerns about whether his counsel was doing all that could be done to defend him. After the court's measures and its decision to appoint a second attorney, Mr. Morgan agreed that he could and would work fully with his counsel to get ready for trial. The communication between Mr. Morgan and his counsel remains intact.

## **ORDER**

For these reasons, and the ones discussed at the August 2 hearing, the court

DENIES the Motion to Withdraw (ECF No. 103).

DATED this 7th day of August, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge